**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ADVANCED TELECOMMUNICATIONS NETWORK INC., <br><br>    Appellant, <br><br>            v. <br><br> DANIEL W. ALLEN, SR., <br><br>    Appellee. | Civil No. 1:12-CV-03793(RMB/GMB) <br><br> **OPINION** |

Appearances:

Edward L. Paul
Paul & Katz, P.C.
1103 Laurel Oak Road, Suite 105C
Voorhees, NJ 08043

    Attorneys for Plaintiff-Appellant

Albert A. Ciardi, III
Kevin G. McDonald
Jennifer C. McEntee
Ciardi Ciardi & Astin
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103

    Attorneys for Defendant-Appellee

**Bumb**, UNITED STATES DISTRICT JUDGE:

    On March 2, 2012, the Honorable Gloria M. Burns, U.S. Bankruptcy Judge for the District of New Jersey (the "Bankruptcy Court"), issued a detailed Memorandum Opinion denying Appellant Advanced Telecommunications Network, Inc.'s ("ATN") motion for

relief from an automatic stay of proceedings against Appellee Daniel Allen ("Allen"). In re Allen, No. 11-37671, 2012 Bankr. LEXIS 874, at *1 (Bankr. D.N.J. Mar. 2, 2012). Two weeks later, on March 16, 2012, the Bankruptcy Court entered an Order formally denying ATN's motion. ATN now appeals that Order. For the reasons that follow, the Bankruptcy Court's Order is AFFIRMED.

I.   Background[1]

In 1999, ATN transferred $6 million to Allen to settle a lawsuit between the parties. Id. In 2003, ATN filed for bankruptcy and sought, pursuant to 11 U.S.C. § 544, to recover the $6 million as a fraudulent transfer under N.J.S.A § 25:2-27(a), § 25:2-25(b)(2), and § 14A:7-14.1. Advanced Telecommunications Network, Inc. v. Allen, 321 B.R. 308, 316 (Bankr. M.D. Fla. 2005). In 2009, after many years of seemingly bitter and costly litigation, including numerous appeals, the United States Bankruptcy Court for the Middle District of Florida (the "Florida Court") ruled in favor of ATN, finding that the transfer was constructively fraudulent. In re Advanced Telecommunications Network, Inc., No. 6:03-bk-002299, 2009 Bankr. LEXIS 2028, at *1 (Bankr. M.D. Fla. July 10, 2009). Two

---

[1]   The procedural history of this case is long and tortured. The Bankruptcy Court comprehensively set it forth in its Memorandum Opinion. Because this Court writes solely for the parties, it recounts only the portions of the case's history that are necessary for its decision.

2

years later, in 2011, the Florida Court issued a recovery order ("the Recovery Order") pursuant to 11 U.S.C. § 550(a) allowing ATN "to collect upon its judgment pursuant to proceedings supplementary allowed by Bankruptcy Rule 7069(a)(1)." In re Advanced Telecommunications Network, Inc., No. 6:03-bk-002299, 2011 Bankr. LEXIS 3069, at *3 (Bankr.M.D.Fla. July 28, 2011). 11 Under 11 U.S.C. § 550(a), "to the extent that a transfer is avoided under section . . . 544 [or] 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" 11 U.S.C. § 550. Rule 7069(a)(1) authorizes the collection of a "money judgment." FED. R. BANKR. P. 7069(a)(1).

Before ATN could avail itself of Rule 7069(a)(1) and collect the money judgment, and on the eve of facing a contempt proceeding, Allen filed for bankruptcy in the District of New Jersey. In re Allen, 2012 Bankr. LEXIS 874, at *24. Allen's bankruptcy filing triggered an automatic stay under 11 U.S.C. § 362, barring all collection proceedings against him. On November 29, ATN filed a motion for relief from the stay with the Bankruptcy Court. Id. at *25. It argued that it was not stayed because: (1) the Florida Court's avoidance finding and the subsequent Recovery Order effectively made the property part of ATN's own estate; (2) the money at issue was held in a

constructive trust by Allen and thus was not part of his estate; and (3) the elements of a constructive trust were res judicata based on the Florida Court's rulings. Id. at *25, *36. The Bankruptcy Court disagreed, rejecting each of ATN's arguments. Id. at *26-65.

ATN appealed, renewing the same arguments it pressed before the Bankruptcy Court and raising two new arguments. First, ATN additionally argues that it was error for the Bankruptcy Court to address ATN's argument that the property was part of ATN's own estate because that issue had also already been decided by the Florida Court. Second, ATN now argues that the federal courts in New Jersey do not have subject matter jurisdiction over the funds at issue in this cases because those funds are subject to the *in rem* jurisdiction of the Florida Court. Doc. 34 at 4.

II. Standard of Review

This Court has jurisdiction to hear appeals of the Bankruptcy Court's final orders pursuant to 28 U.S.C. § 158(a). The Bankruptcy Court's legal determinations are reviewed *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. In re Markis, 482 F. App'x 695, 698 (3d Cir. 2012). This Court may consider its subject matter jurisdiction at any time, even if the question has not been raised in the lower court. Carroll v. Rochford, 123 Fed. App'x

4

456, 458 (3d Cir. 2005) (citing Louisville & N.R. Co. v. Mottley, 211 U.S. 149 (1908)).

III. Analysis

The Court first addresses ATN's subject matter jurisdiction argument. It then addresses ATN's res judicata argument. Third, it addresses ATN's argument that the funds at issue are its property. Finally, it addresses ATN's alternative argument that the funds at issue are in a constructive trust for its benefit.

A. Subject Matter Jurisdiction

ATN argues that, pursuant to the Princess Lida doctrine, this Court does not have subject matter jurisdiction over the $6 million because it would interfere with the Florida Court's jurisdiction. [Docket No. 34 at 4 (referring to Princess Lida v. Thompson, 305 U.S. 456 (1938)).[2]

Under the Princess Lida doctrine, a second court cannot exercise jurisdiction over property that is the subject of *in rem* proceedings in another court. LaSalle Nat. Bank v. First Conn. Holding Group, LLC, 287 F.3d 279, 284-85, n.3 (3d Cir. 2002). The doctrine applies when: (1) the litigation in the first and second fora are *in rem* or *quasi in rem;* and (2) the relief sought requires the second court to exercise control over the property in dispute, when such property is already under

---

[2] ATN's raising of this issue was prompted by the Court's concern that two different bankruptcy courts could be at odds with one another and produce an inconsistent disposition of property.

5

control of the first court. Dailey v. National Hockey League, 987 F.2d 172, 176 (3d Cir. 1993) (citing Princess Lida, 305 U.S. at 456). Although bankruptcy proceedings are generally *in rem*, the key difference in this case is that court orders pursuant to 11 U.S.C. § 550 to recover avoided transfers, like the Recovery Order, are *in personam* where the relief sought is a money judgment. See Central Virginia Community College v. Katz, 546 U.S. 356, 372 (2006) (finding that recover orders under § 550 may be *in personam*); Koken v. Viad Corp., 307 F. Supp. 2d 650, 655 (E.D.Pa. 2004)(holding that money judgments are *in personam*); United States v. Bank of New York & Trust Co., 296 U.S. 463, 478 (1936) (characterizing *in personam* actions as those that enforce personal liability); In re Allen, No. 13-14348, 2013 WL 1952338, at *10 (Bankr.D.N.J. May 10, 2013).

Here, ATN cannot demonstrate either element of the Princess Lida rule. First, the litigation in the Florida Court was, in fact, for a money judgment and was therefore *in personam*. See Koken, 307 F. Supp. 2d at 655. ATN was seeking to establish a judgment that would be enforceable against Allen. Second, because ATN is seeking money, this Court does not need to exercise control over any property under control of the Florida Court. Id.

    B.    Res Judicata

6

ATN next argues that "[i]t is res judicata that the funds are ATN's property." Doc. 13-1 at 11. Although ATN's res judicata argument fails to distinguish between issue and claim preclusion, ATN's argument is without merit under either theory of preclusion.

Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. See Chen v. Twp. of Fairfield, 354 Fed. App'x 656, 658 (3d Cir. 2009)(citing Bd. Of Trs. Of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495 (3d Cir. 1992)). Issue preclusion applies when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the same parties or their privies; and (4) the party against whom the bar is asserted had a full and fair chance to litigate in the previous forum. Trucking Employees, 983 F.2d at 505.

Here, while the Florida Court found the transfer of money in 1999 was an avoidable fraudulent transfer and issued a recovery order pursuant to § 550, the Florida Court did not consider the questions before this Court: (1) whether the property was part of ATN's estate under § 541; and (2) whether the money was held in a constructive trust. See, e.g., In re Advanced Telecommunications Network, Inc., 2011 Bankr. LEXIS

7

3069, at *1; In re Advanced Telecommunications Network, Inc., 2009 Bankr. LEXIS 2028, at *1. Nor did the Florida Court render a decision as to the subsidiary questions of whether the transfer constituted a wrongful act or whether Allen was unjustly enriched, which are the elements of a constructive trust claim. See Flanigan v. Munson, 818 A.2d 1275, 1281 (N.J. 2003). Accordingly, step (3) of claim preclusion analysis and step (1) of issue prelusion analysis are not satisfied, and Appellant's preclusion arguments must be rejected.[3]

C. Applicability of the Stay

The filing of a bankruptcy petition automatically stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . . [or] any act to obtain possession of property of the estate or of property from the estate[.]" 11 U.S.C. § 362(a)(1)-(3). Under 11 U.S.C. § 541(a)(1), commencement of a bankruptcy proceeding creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Under 11 U.S.C. § 541(a)(3), property of

---

[3] Indeed, issue preclusion supports this Court's decision discussed below that the Recovery Order was not tantamount to a finding that the property at issue was property of ATN. The Florida Court itself acknowledged that its order would yield to an automatic stay. In re Advanced Telecommunications Network, Inc., 2011 Bankr. LEXIS 3069, at *12 (recognizing that the recovery order was subject to an automatic stay insofar as it was against David Allen, Daniel Allen's co-defendant in the Florida action, who was in the midst of bankruptcy proceedings).

8

the estate also includes property recovered pursuant to 11 U.S.C. § 550. 11 U.S.C. § 541(a)(3).

Here, Allen's bankruptcy filing stayed all proceedings against his estate. ATN argues that its suit is not subject to the stay because, under 11 U.S.C. § 541(a)(1), the $6 million at issue is ATN's own property and not Allen's. It argues that either the Florida Court's avoidance judgment or Recovery Order were sufficient to bring the $6 million into ATN's estate. Doc. 13-1 at 9. This Court disagrees for the same reasons articulated by the Bankruptcy Court.

The property at issue here is <u>not</u> property of the estate under 11 U.S.C. § 541(a)(1), as claimed by Allen. Unrecovered property, like the property at issue here, is outside the ambit of that provision.[4] Rather, in order for a debtor to avoid a fraudulent transfer of property and then "bring" that property into the bankruptcy estate, the debtor must follow a strict

---

[4] ATN argues that, under the Fifth Circuit's decision in <u>In re MortgageAmerica Corp.</u>, 714 F.2d 1266 (5th Cir. 1983), the property at issue became part of its estate under 11 U.S.C. § 541(a)(1) when the Florida Court found that the property had been fraudulently transferred. But that court's reasoning was rejected by the Second and Tenth Circuits. <u>See</u> <u>In re Colonial Realty Co.</u>, 980 F.2d 125, 131 (2d Cir. 1992)(holding that avoided transfers are recovered by § 550 and then brought into the estate per § 541(a)(3)); <u>Rajala v. Gardner</u>, 709 F.3d 1031, 1038 (10th Cir. 2013). Those courts found, and this Court agrees, that including unrecovered property within the ambit of property of the estate, as defined by 11 U.S.C. § 541(a)(1), would inappropriately render superfluous § 541(a)(3), which includes as property of the estate property recovered in an avoidance action. <u>Id.</u>; <u>Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transp. Auth.</u>, 539 F.3d 199, 211 (3d Cir. 2008)(holding that courts must construe statutes to give effect to every provision, so that no part will be superfluous).

statutory process. The debtor must first seek to avoid a fraudulent transfer, relying on its powers under 11 U.S.C. § 544 or § 548. If the transfer is successfully avoided under one of these provisions, 11 U.S.C. § 550 provides that the debtor "*may* recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property[.]" 11 U.S.C. § 550 (emphasis added). A debtor must then seek a writ of execution to enforce the judgment and actually take possession of the property. FED. R. BANKR. P. 7069; see e.g., In re Teknek, LLC, 343 B.R. 850, 870 (Bankr.D.Conn. 2006)(noting that the next step after a recovery judgment is to seek writ of execution to acquire recoverable property). Only then is the property permitted to be considered property of the estate pursuant to 11 U.S.C. § 541(a)(3), which, as discussed above, includes property recovered pursuant to 11 U.S.C. § 550. 11 U.S.C. § 541(a)(3); See, e.g., In re Colonial Realty Co., 980 F.2d 125, 131 (2d Cir. 1992)(holding that transfers is avoided under 548 but not recovered and part of the estate until recovered under § 550); Rajala v. Gardner, 709 F.3d 1031, 1038 (10th Cir. 2013)(agreeing with Colonial Realty).[5]

---

[5] See also In re Wagner, 353 B.R. 106, 112 (Bankr. W.D.Pa. 2006) (holding that trustee must make a tangible recovery of property before it can become part of the estate); In re Saunders, 101 B.R. 303, 305 (Bankr. N.D.Fla. 1989)(finding property was not part of bankruptcy estate where a fraudulent transfer judgment had been obtained, but property had not actually been recovered); In re Thielking, 163 B.R. 543, 545 (Bankr. S.D.Iowa 1994)(finding property was not part of bankruptcy estate where it had not yet been recovered); In re Teligent, Inc., 307 B.R. 744, 751

In this case, because ATN was prevented from completing the statutory process described above by filing a writ of execution and physically collecting the property, the Bankruptcy Court correctly held that the property remained subject to the automatic stay.

D. Constructive Trust

ATN alternatively argues that the Bankruptcy Court should have imposed a constructive trust over the funds held by Allen. This would allow ATN to take advantage of 11 U.S.C. § 541(d), which excludes property held in trust for another from an estate. 11 U.S.C. § 541(d).

Under New Jersey law, which this Court applies in considering whether a constructive trust was formed,[6] courts may

---

(Bankr. S.D.N.Y. 2004)("Fraudulently transferred property does not, however, become property of the estate until after it has been recovered."); In re Lehman Bros. Holdings Inc., 480 B.R. 179, 192 (S.D.N.Y. 2012)(" However, it is well settled that property transferred by the debtor is not 'property of the estate' until the debtor succeeds in compelling the property's return.").

[6]   ATN argues that this Court should apply a federal common law standard in determining whether a constructive trust was formed. Doc. 13-1 at 14 (arguing that Allen was a "conduit" of the funds under the federal constructive trust standard in In re Columbia Gas Systems, Inc., 997 F.2d 1039, 1055 (3d Cir. 1993) (holding that federal constructive trust law governed funds set aside by a bankrupt utility company pursuant to the federal Natural Gas Act)). This Court disagrees. The law of the forum state, and not federal common law, applies to this inquiry absent a showing that three factors are met: (1) there is a need for national uniformity; (2) a federal program might be frustrated; and (3) commercial expectations are that federal law should govern. Id. Here, however, there is no reason to use federal constructive trust law, because no federal property rights are at issue, no separate federal program is at stake, and the parties' expectations should be that state law applies. See In re Orion Refining Corp., 341 B.R. 476, 483 (Bankr.D.Del. 2006)(holding that because the movant was owed money under state law fraud claims, movant's claim for a constructive trust

11

impose a constructive trust if the party holding the property has been unjustly enriched as a result of a wrongful act. Flanigan v. Munson, 818 A.2d 1275, 1281 (N.J. 2003); Leibholz v. Hariri, No. 05-5148 2011 WL 1466139, *1 (D.N.J. April 15, 2011). A wrongful act is generally defined as "fraud, mistake, undue influence, or breach of a confidential relationship." D'Ippolito v. Castoro, 51 N.J. 584, 589 (N.J. 1968). A constructive trust is an equitable remedy, to be used "only when the equities of a given case clearly warrant it," Flanigan, 818 A.2d at 1283, and only upon a showing of "clear, definite, unequivocal, and satisfactory evidence." Gray v. Bradley, 1 N.J. 102, 104 (N.J. 1948). Constructive trusts are particularly disfavored in bankruptcy because they disrupt the policy of ensuring a ratable distribution to creditors. See In re Haber Oil, 12 F.3d 426 (5th Cir. 1994); In re Rogan, No. 08-23221 2009 Bankr. LEXIS 2090, at *50 (Bankr.D.Ind. July 23, 2009); see also In re Day, 443 B.R. 338, 346 (Bankr.D.N.J. 2011)(noting that courts exercise "the greatest caution" when considering post-petition constructive trusts); In re Ades & Berg Group Investors, 550 F.3d 240, 244 (2d Cir. 2008) (holding that for constructive trust analysis, "the equities of bankruptcy are not the equities of the common law.").

---

to that money in the § 541(d) context did not invoke any national interest); In re Brockway Pressed Metals, Inc., 363 B.R. 431, 452 (Bankr.W.D.Pa. 2007).

In light of this heavy burden, ATN's constructive trust claim fails. First, ATN has not established a wrongful act, as required. See Flanigan, 818 A.2d at 1281.[7] ATN claims that the Florida Court's finding that the transfer was constructively fraudulent under New Jersey law supports a finding here of a wrongful act. Doc. 13-1 at 20. It does not. See SEC v. Antar, 120 F. Supp. 2d 431, 448 (D.N.J. 2000) (distinguishing between actual and constructive fraudulent transfers, and requiring actual fraud in order to impose constructive trust).

Second, ATN has not shown that Allen was unjustly enriched. Courts considering the unjust enrichment prong of Flanigan are guided by the equities of the case. Moscato v. C.B.P.B. Assocs., LLC, No. A-4756-05T3 2007 N.J. Super. Unpub. LEXIS 2596, at *11-12 (N.J. App. Div. Aug. 7, 2007) (measuring unjust enrichment based on equitable interests of the parties); Flanigan, 818 A.2d at 1281 (holding that courts impose constructive trusts "wherever specific restitution in equity is appropriate on the facts."). Considering the equities of this case, despite the unfortunate posture this case presents, there is no great injustice that separates this case from the many cases in which

---

[7] Appellant argues that this Court does not need to find a wrongful act in order to impose a constructive trust (See Pension Fund-Mid-Jersey Trucking Industry v. Omni Funding Group, 687 F. Supp. 962, 966 (D.N.J. 1988)), but the New Jersey Supreme Court's 2003 decision in Flanigan made clear that, in order to impose a constructive trust, "a court must find that a party has committed a wrongful act." 818 A.2d at 1281.

13

a creditor is unable to have his full claim satisfied. Accordingly, this Court cannot find that the enrichment was unjust. Holding otherwise and allowing a finding of an unjust enrichment on this basis alone would allow almost any creditor to claim entitlement to a constructive trust, and significantly disrupt the ordinary bankruptcy process. In re Allen, 2012 Bankr. LEXIS 874, at *63-65.

IV. Conclusion

For the foregoing reasons, the Bankruptcy Court is AFFIRMED.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Date: July 19, 2013